IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Alison Arocho,

    Plaintiff,                                        Case No. 2:19-cv-04766

v.                                                Judge George C. Smith

Ohio University,                            Magistrate Judge Kimberly A. Jolson

    Defendant.

## DEFENDANT OHIO UNIVERSITY'S
## MOTION TO DISMISS PLAINTIFF'S COMPLAINT

Defendant Ohio University, pursuant to Fed. R. Civ. P. 12(b)(6), respectfully moves this Court for an order dismissing Plaintiff Alison Arocho's complaint in its entirety. A memorandum in support follows.

                                                         Respectfully submitted,

                                                         **DAVE YOST (0056290)**
                                                         **Ohio Attorney General**

                                                         *s/ Lee Ann Rabe*
                                                         _____
                                                         LEE ANN RABE (0077170)
                                                         *Trial Counsel*
                                                         STACY L. HANNAN (0081094)
                                                         Assistant Attorneys General
                                                         Court of Claims Defense Section
                                                         150 East Gay Street, 18th Floor
                                                         Columbus, Ohio 43215
                                                         Telephone:  (614) 466-7447
                                                         Facsimile:  (614) 644-9185
                                                         leeann.rabe@ohioattorneygeneral.gov
                                                         stacy.hannan@ohioattorneygeneral.gov

ASHLEY A. BARBONE (0083666)
Assistant Attorney General
Education Section
30 East Broad Street, 16th Floor
Columbus, Ohio 43215
Telephone:  (614) 644-7250
Facsimile:   (614) 644-7634
ashley.barbone@ohioattorneygeneral.gov

*Counsel for Defendant Ohio University*

**MEMORANDUM IN SUPPORT**

I.   **Introduction.**

Plaintiff Alison Arocho was formerly a student in the Federal Hocking Local School District. (Complaint, ¶ 1.) Ms. Arocho brings this claim against Defendant Ohio University, alleging a violation of Title IX of the Education Amendments of 1972, 20 U.S.C. §1681, *et seq.* Specifically, Ms. Arocho alleges that she was repeatedly sexually assaulted by Robert Parsons, who at the time was a police officer for the University. (*Id.*, ¶¶ 11-19.) However, Ms. Arocho has never been a student at the University – nor, despite her conclusory allegations, has she ever participated in any University educational program to which Mr. Parsons' alleged actions denied her access. Further, Ms. Arocho's allegations do not state a claim for deliberate indifference on the part of the University.

Therefore, for the reasons set forth below, the University respectfully moves this Court, pursuant to Civil Rule 12(b)(6), for an order dismissing Ms. Arocho's claims because, as a non-student, she has not set forth well-pleaded allegations that provide a cause of action against the University.

II.   **Statement of Facts as Alleged.**

Ms. Arocho was a student at Federal Hocking Local School District.[1] (Complaint, ¶ 1.) During the 2005-2006 academic year, Ms. Arocho alleges that Mr. Parsons initiated an "illegal and abusive sexual relationship" with her. (*Id.*, ¶ 12.) She alleges that Mr. Parsons allegedly raped her on multiple occasions and in multiple locations. (*Id.*, ¶¶ 13-18.)

In late 2005, Jill Dorfman, an investigator for Athens County Child Protective Services, began to investigate allegations related to Mr. Parsons and his alleged sexual relationship with

---

[1] The University accepts the facts as pleaded in Ms. Arocho's complaint for purposes of this motion only, and reserves the right to challenge those facts should this case proceed.

Ms. Arocho. (*Id.*, ¶ 39.) Ms. Arocho alleges that on or around December 2, 2005, Ms. Dorfman informed the University that she was investigating Mr. Parsons. (*Id.*, ¶ 42.) Mr. Parsons' employment was then terminated by the University, allegedly in the last week of February 2006. (*Id.*, ¶ 55.) Then, more than 13 years later, this lawsuit followed.

### III.    Standard of Review.

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of a case where the complaint fails to state a claim upon which relief can be granted. When reviewing a motion to dismiss under Rule 12(b)(6), a court must "construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff." *Directv Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007). However, the court "need not accept as true legal conclusions or unwarranted factual inferences." *Id.* "[L]egal conclusions masquerading as factual allegations will not suffice." *Eidson v. State of Tenn. Dept. of Children's Servs.*, 510 F.3d 631, 634 (6th Cir. 2007).

The Supreme Court explained in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), that "a plaintiff's obligation to provide the 'grounds' of his entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level…" *Id.* at 555. Dismissal is appropriate if the plaintiff has failed to offer sufficient factual allegations that make the asserted claim plausible on its face. *Id.* at 570. "[T]o state a valid claim, a complaint must contain either direct or inferential allegations respecting all the material elements to sustain recovery under some viable legal theory[.]" *LULAC v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007) (citing *Twombly*, 550 U.S. at 562.)

4

Here, dismissal is appropriate because the allegations in Ms. Arocho's complaint are not sufficient to state a plausible violation of Title IX against the University.

IV. Law and Argument.

    A. **Ms. Arocho lacks standing to bring a Tile IX claim, as she was never a student of the University.**

Ms. Arocho lacks statutory standing under Title IX, and thus her claim should be dismissed.  Title IX provides that "[n]o person on the United States shall, on the basis of sex, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any education program or activity receiving Federal financial assistance."  20 U.S.C. §1681(a).  In order to state a claim under Title IX, a plaintiff must show a "systemic effect on educational programs or activities."  *Davis ex rel. LaShonda D. v. Monroe Cnty. Bd. of Educ.*, 526 U.S. 629, 643, 119 S. Ct. 1661, 143 L.Ed. 2d 839 (1999). Title IX has been interpreted to apply only to students and participants in educational programs.  *Preyer v. Dartmouth Coll.*, 968 F. Supp. 20, 25 (D.N.H. 1997).  Put more plainly, to state a claim under Title IX, a plaintiff must show that "she was a student at an educational institution receiving federal funds."  *Jennings v. Univ. of N.C.*, 482 F.3d 686, 695 (4th Cir. 2007).

Ms. Arocho was never a student at the University, nor enrolled in any of its educational programs, and she does not even attempt to allege that she was.  (*See generally* Complaint.) Those courts to have considered the issue have not permitted non-students to raise Title IX claims.  In *K.T. v. Culver-Stockton College*, the District Court for the Eastern District of Missouri held that a potential recruit to the College's soccer team who was sexually assaulted while on a campus visit was not covered by the protections of Title IX.  *Culver-Stockton*, No. 4:16-cv-165, 2016 U.S. Dist. LEXIS 106017 (E.D. Missouri Aug. 11, 2016).  In *Arora v. Daniels*, the District Court for the Western District of North Carolina held that a plaintiff claiming to be a "potential

5

student" of a college could not state a claim under Title IX. *Arora*, No. 3:17-cv-134, 2018 U.S. Dist. LEXIS 55777 (W.D.N.C. Apr. 2, 2018) (no standing where plaintiff "did not attend, was not an applicant for, and did not receive federal educational benefits from" defendant college).

In *Doe v. Brown University*, the First Circuit Court of Appeals upheld a decision by the District Court for Rhode Island dismissing the plaintiff's Title IX claim. *Brown*, 896 F.3d 127 (1st Cir. 2018). The court affirmed the decision that plaintiff, who was a student at Providence College, could not state a claim under Title IX against Brown University when she was sexually assaulted on Brown's campus. *Id.* And finally, in *Doe v. University of Kentucky*, the District Court for the Eastern District of Kentucky held that a plaintiff who lived in a dorm on the University's campus, but was not enrolled as a student at the University, could not state a claim under Title IX when she was sexually assaulted in her dorm room. *Univ. of Ky.*, 357 F. Supp. 3d 620 (E.D. Ky. 2019). The court held that "extending Title IX protections to a student … who has neither attended the university nor participated in any of the university's educational programs or activities stretches the limits even further" than applying those protections to an alumnus of a university. *Id.* at 626 (discussing *Armstrong v. James Madison Univ.*, No. 5:16-cv-00053, 2017 U.S. Dist. LEXIS 25014 (W.D. Va. Feb. 23, 2017) (court questioning standing of alumni to bring Title IX claim, but dismissing on other grounds)).

In an effort to bring her claim within the ambit of Title IX, Ms. Arocho alleges that she "was a participant in a vocational program/relationship" between the University and its Police Department and Federal Hocking High School. (Complaint, ¶ 61.) At first blush, that allegation – though rather conclusory – sounds as if it might come close to allowing Ms. Arocho to invoke the protections of Title IX.

6

However, Ms. Arocho's ***other*** allegations make it clear that the "program" she alludes to is a far cry from the educational opportunities Congress sought to protect through passage of Title IX. Other than conclusory statements about participating in "educational events," Ms. Arocho makes only one allegation about the nature of that event. (*Id.*, ¶¶ 1, 19.) That sole allegation is that the event was a career day at which Mr. Parsons was allegedly a participant. (*Id.*, ¶¶ 20-21, 30.) Nor has Ms. Arocho even attempted to allege that she was denied educational opportunities at the University.

She also alleges that Mr. Parsons was an "Officer Friendly" liaison to her school. (Complaint, ¶ 51.) Even if true, such a role does not establish any type of educational opportunity related to the University or, for that matter, Ms. Arocho. And as Title IX does not allow for claims based on *respondeat superior*, the fact that Mr. Parsons was an employee of the University at the time of the alleged events cannot suffice to allow her to state a claim. *Gebser v. Lago Vista Indep. Sch. Dist.*, 524 U.S. 274 (1998).

Participation in a career day, even if sexual assault by one of the presenters allegedly follows, is not the type of "systemic effect" that "denies its victims equal access to the education that Title IX is designed to protect." *Culver-Stockton*, at *15-16. Ms. Arocho cannot show that "she was a student at an educational institution receiving federal funds" – specifically, that she was a student at the University – and thus entitled to the protection of Title IX for the allegations she makes here.

> **B. Ms. Arocho's allegations do not constitute "deliberate indifference" on the part of the University.**

Even if Ms. Arocho had standing to bring a Title IX claim, her complaint should still be dismissed for failure to state a viable claim. To state a claim under Title IX, Ms. Arocho must allege sufficient facts to satisfy what the Sixth Circuit has described as "two separate

7

components … (1) 'actionable harassment' [by the alleged harasser] … and (2) a deliberate-indifference intentional tort [by the University]." *Kollaritsch v. Mich. State Univ. Bd. of Trs.*, Nos. 17-2445 and 18-1715, 2019 U.S. App. LEXIS 36729 (6th Cir. Dec. 12, 2019).  Courts have described this standard as a "high bar" for recovery.  *Stiles ex rel. D.S. v. Grainger Cty., Tenn.*, 819 F.3d 834, 848 (6th Cir. 2016) (citing *Doe v. Galster*, 768 F.3d 611, 619 (7th Cir. 2014)). While for the purposes of this motion Ms. Arocho has arguably met the first component (through her allegations about Mr. Parsons), she fails on the second.

To establish a deliberate-indifference intentional tort, Ms. Arocho must plead four elements: "(1) knowledge, (2) an act, (3) injury, and (4) causation." *Kollaritsch*, at *8.  Ms. Arocho's claims fail on all four elements.

### 1. The University did not have actual knowledge.

"Knowledge means that the defendant institution had "actual knowledge" of an incident of actionable sexual harassment that prompted or should have prompted a response." *Kollaritsch*, at *8.  Actual knowledge means that the plaintiff must show "actual knowledge of the misconduct, not just actual knowledge of the *risk* of misconduct." *Doe v. St. Francis Sch. Dist.*, 694 F.3d 869, 871 (7th Cir. 2012) (citing *Hansen v. Bd. of Trustees*, 551 F.3d 599, 605 (7th Cir. 2008); *J.F.K. v. Troup Cty. Sch. Dist.*, 678 F.3d 1254, 1260 (11th Cir. 2012)).  "[T]o know that someone suspects something is not to know the something and does not mean the something is obvious." *Id.* at 872.  Further, the actual knowledge must relate to misconduct in the defendant institution's programs.  *Escue v. N. Okla. College*, 450 F.3d 1146, 1153 (10th Cir. 2006) (citing *Gebser*, 524 U.S. at 290).

Ms. Arocho appears to rest her claim of actual knowledge on three incidents.  First, she points to a 2001 investigation of Mr. Parsons for allegedly attempting to initiate sexual relations

8

with a minor. (Complaint, ¶¶ 30-34.) Ms. Arocho never alleges that the allegations were substantiated, and knowing about an allegation is not knowledge that the allegation is true. Further, Ms. Arocho does not allege that the unidentified minor was a student of the University; therefore, even if misconduct had occurred, actual knowledge cannot be imputed to the University for purposes of Title IX.

Second, Ms. Arocho makes allegations about Mr. Parsons alleged conduct with regard to a high school student Ms. Arocho claims was in a work/study program at the University. (Complaint, ¶¶ 36-38.) However, Ms. Arocho does not allege that Mr. Parsons engaged in any sexual misconduct with regard to this woman, nor does she allege that the University was ever told about any contact between the woman and Mr. Parsons.

Finally, Ms. Arocho alleges that the Athens' County Sheriff's Department and Ms. Dorfman, on or about December 2, 2005, notified the University that Mr. Parsons was under investigation for alleged sexual misconduct involving minors. (Complaint, ¶¶ 41-42.) But again, knowledge of someone's suspicions is not knowledge that those suspicions are true. *See also, Escue*, 450 F.3d at 1154 (noting that the knowledge of a risk must be specialized, not general, and that it must rise above a simple report of inappropriate conduct); *Bostic v. Smyrna Sch. Dist.*, 418 F.3d 355, 361 (3d Cir. 2005) ("A 'possibility' cannot be equated with a 'known act.'").

None of Ms. Arocho's allegations regarding notice are sufficient to state a claim under Title IX, and her claim could be dismissed on that basis alone.

### 2. To the extent that the University was informed of a risk, it responded reasonably and appropriately.

An "act" is a response by the University that was "clearly unreasonable in light of the known circumstances." *Kollaritsch*, at *10 (quoting *Davis*, 526 U.S. at 648). Ms. Arocho alleges that Ms. Dorfman informed the University that Mr. Parsons was being investigated for

9

potential sexual misconduct involving minors on or about December 2, 2005.[2] (*Id.*, ¶¶ 41-42.) She alleges that the University then began its own investigation. (*Id.*, ¶ 44.) She alleges that the University placed Mr. Parsons on administrative leave on December 8, 2005. (*Id.*, Ex. B, p. 2.) Ms. Arocho alleges that the University sought to conduct a pre-disciplinary hearing for Mr. Parsons, a union member, on January 10, 2006. (*Id.*, Ex. B, p. 1.) And, Ms. Arocho alleges that approximately two months after it was first alerted to a potential issue, the University terminated Mr. Parsons' employment. (*Id.*, ¶ 55.) The University's response to learning of the allegations about Mr. Parsons' cannot be objectively seen as "unreasonable in light of the known circumstances." As a union member, Mr. Parsons had his own due process rights that formed part of those circumstances. *Compare Kollaritsch*, at *24 (discussing the *Davis* Court's concern for conflicting interests that a school must balance). He was removed from active employment nearly immediately, and terminated at most two months later. The fact that Ms. Arocho might have desired a different response does not render the University's response unreasonable. "Title IX does not give victims a right to 'make particular remedial demands.'" *Stiles*, 819 F.3d at 838 (6th Cir. 2016) (quoting *Davis*, 526 U.S. at 648); *see also Kesterson v. Kent State Univ.*, 345 F. Supp. 3d 855, 875 (N.D. Ohio 2018) (noting that a defendant's response need not be "perfect" to avoid Title IX liability).

   **3. Ms. Arocho alleges no injury as defined in relation to Title IX, and without an injury there can be no causation.**

The third element, "injury," is "deprivation of access to the educational opportunities or benefits ***provided by the school***." *Kollaritsch*, at *11 (quoting *Davis*, 526 U.S. at 650) (internal quotation omitted, emphasis added). As noted above, Ms. Arocho does not even attempt to

---

[2] When Mr. Parsons may have known he was being investigated is irrelevant, as the alleged wrong-doer's knowledge is not imparted to the University. *See Gebser*, 524 U.S. at 291.

allege that she was deprived of any "educational opportunities or benefits" – let alone any provided by the University. Finally, "causation" means that the "act" caused the "injury." *Kollaritsch*, at *11. Without an unreasonable response, and without an alleged injury, there can be no causation.

**V.    Conclusion.**

Ms. Arocho does not belong to the class of individuals that Congress sought to protect by enacting Title IX. She is not a student of the University, and never was. To allow her to bring a claim under Title IX simply because her alleged assailant was an employee of the University and visited her high school for a career day is to expand the bounds of Title IX beyond a reasonable limit. Even if she had standing to bring such a suit, her allegations simply do not suffice to state the elements for a deliberate-indifference intentional tort.

For the foregoing reasons, Defendant Ohio University respectfully requests that this Court dismiss Plaintiff Alison Arocho's complaint with prejudice, pursuant to Fed. Civ. R. 12(b)(6), for failure to state a viable claim.

    Respectfully submitted,

    **DAVE YOST (0056290)**
    **Ohio Attorney General**

    *s/ Lee Ann Rabe*
    _____
    LEE ANN RABE (0077170)
    *Trial Counsel*
    STACY L. HANNAN (0081094)
    Assistant Attorneys General
    Court of Claims Defense Section
    150 East Gay Street, 18th Floor
    Columbus, Ohio 43215
    Telephone:  (614) 466-7447
    Facsimile:   (614) 644-9185

leeann.rabe@ohioattorneygeneral.gov
stacy.hannan@ohioattorneygeneral.gov

ASHLEY A. BARBONE (0083666)
Assistant Attorney General
Education Section
30 East Broad Street, 16th Floor
Columbus, Ohio 43215
Telephone:  (614) 644-7250
Facsimile:   (614) 644-7634
ashley.barbone@ohioattorneygeneral.gov

*Counsel for Defendant Ohio University*

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing was filed electronically on December 23, 2019.  Notice of this filing will be sent to all parties by operation of the Court's electronic filing system.  Parties may access this filing through the Court's systems.

*s/ Lee Ann Rabe*
_____
LEE ANN RABE (0077170)
Assistant Attorney General