UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**ALISON AROCHO,**

    **Plaintiff,**

                                  Case No.: 2:19-cv-4766

v.                                      JUDGE MICHAEL H. WATSON

                                  Magistrate Judge Jolson

**OHIO UNIVERSITY,**

    **Defendant.**

## OPINION AND ORDER

Alison Arocho ("Plaintiff") brings this action against Defendant Ohio University ("Ohio University" or "Defendant"), alleging a single violation of Title IX of the Education Amendments of 1972, 20 U.S.C. § 1681, *et seq*.  ECF No. 6. This matter is currently before the Court on Defendant's Motion to Dismiss Plaintiff's Amended Complaint.  ECF No. 7.  Plaintiff has responded in opposition, ECF No. 13, and Defendant has replied.  ECF No. 14.  The matter is now ripe for review.  For the following reasons, Defendant's Motion to Dismiss is **GRANTED**.

### I. BACKGROUND

This case arises from events that occurred while Plaintiff was a minor and attending high school in the Federal Hocking Local School District.  ECF No. 6, Am. Compl. ¶¶ 1–4.  Plaintiff alleges that, during the 2005–2006 school year,

Robert Andrew Parsons ("Parsons"), who was employed by Ohio University as a police officer, initiated an "illegal and abusive sexual relationship" with her. *Id.* ¶¶ 18–19, 23. She alleges that Parsons raped her on multiple occasions and in multiple locations, including on the premises of Ohio University. *Id.* ¶¶ 18–26. Plaintiff alleges that Ohio University "had actual notice of Parson['] s history of abuse of other minor children" as early as 2000–2001. *Id.* ¶¶ 3–4. Despite being aware, Plaintiff states that the misconduct was never reported to or investigated by Ohio University's Office of Equity and Civil Rights Compliance, nor was any corrective action taken to prevent Parsons from continuing such conduct. *Id.* ¶¶ 41–42.

During the 2005–2006 school year, Ohio University and the Ohio University Police Department sent Parsons to the high school that Plaintiff Arocho attended for "career day" to discuss pursuing a career in law enforcement. *Id.* ¶¶ 27–28. Plaintiff alleges that Parsons used the event to make inappropriate communications of a sexual nature to her and made plans to have sex with Plaintiff later that evening. Parsons was wearing his Ohio University Police Department issued uniform at the time of these interactions and was "on the clock" as an Ohio University employee. *Id.* ¶ 28. In addition, Parsons was the "Officer Friendly" liaison between Ohio University and Federal Hocking High School. *Id.* ¶¶ 12, 16.

In late 2005, Jill Dorfman, an investigator for Athens County Child Protective Services, investigated the allegations related to Parsons and his alleged sexual relationship with Plaintiff. *Id.* ¶ 54. Plaintiff states that on December 2, 2005, Ms. Dorfman informed Ohio University that she was investigating Parsons. *Id.* ¶ 57. In February 2006, Ohio University terminated Parsons' employment. *Id.* ¶ 70. On July 19, 2006, Parsons pled guilty to Unlawful Sexual Conduct with a Minor in violation of Ohio Revised Code § 2907.04(A)(B)(3) in connection with his conduct with Plaintiff.

Plaintiff initiated this case on October 28, 2019, over thirteen years later, asserting a claim for violation of Title IX and seeking compensatory and punitive damages. ECF Nos. 1, 6.

## II. STANDARD OF REVIEW

Defendant has moved to dismiss Plaintiff's Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, alleging that Plaintiff has failed to state a claim upon which relief can be granted.

Under the Federal Rules, any pleading that states a claim for relief must contain a "short and plain statement of the claim" showing that the pleader is entitled to such relief. Fed. R. Civ. P. 8(a)(2). To meet this standard, a party must allege sufficient facts to state a claim that is "plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A claim will be considered "plausible on its face" when a plaintiff sets forth "factual content that allows the

court to draw the reasonable inference that the defendant is liable for the misconduct alleged." A*shcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Rule 12(b)(6) allows parties to challenge the sufficiency of a complaint under the foregoing standards. In considering whether a complaint fails to state a claim upon which relief can be granted, the Court must "construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff." *Ohio Police & Fire Pension Fund v. Standard & Poor's Fin. Servs. LLC*, 700 F.3d 829, 835 (6th Cir. 2012) (quoting *Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007)). However, "the tenet that a court must accept a complaint's allegations as true is inapplicable to threadbare recitals of a cause of action's elements, supported by mere conclusory statements." *Iqbal*, 556 U.S. at 663. Thus, while a court is to afford Plaintiff every inference, the pleading must still contain facts sufficient to "provide a plausible basis for the claims in the complaint;" a recitation of facts intimating the "mere possibility of misconduct" will not suffice. *Flex Homes, Inc. v. Ritz-Craft Corp of Mich., Inc.*, 491 F. App'x 628, 632 (6th Cir. 2012); *Iqbal*, 556 U.S. at 679.

### III.   ANALYSIS

Plaintiff alleges that Ohio University violated Title IX of the Education Amendments of 1972, by acting with deliberate indifference to her rights by allowing Parsons to attend career day at her school. Ohio University moves to

dismiss Plaintiff's Complaint on the ground that Plaintiff is not entitled to Title IX protection because she was never enrolled at Ohio University or in any of the joint programs between Ohio University and Federal Hocking High School. The Court will address these arguments in turn.

**A. Title IX**

Title IX of the Education Amendments of 1972 is a federal statute designed to prevent sexual discrimination and harassment in educational institutions receiving federal funding. Title IX specifically provides: "[n]o person in the United States shall, on the basis of sex, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any educational program or activity receiving Federal financial assistance." 20 U.S.C. § 1681(a). Because Ohio University is an institution voluntarily participating in federal spending programs, it has waived its Eleventh Amendment immunity for Title IX purposes pursuant to 42 U.S.C. § 2000d-7.

An institution that receives federal funds generally may be liable under Title IX only for its own misconduct in excluding persons from participating in, denying persons the benefits of, or subjecting persons to discrimination under its programs or activities. *Davis ex rel. LaShonda D. v. Monroe Cnty. Bd. of Educ.*, 526 U.S. 629, 640-41 (1999).

## B. Deliberate Indifference

Plaintiff alleges Ohio University acted with deliberate indifference of her rights in violation of Title IX. Specifically, she alleges that she was participating in a vocational education-related activity and was accessing Ohio University resources when she attended a career day, sponsored by Ohio University, at her high school that was instructed by two "on-the-clock" Ohio University police officers and when she interacted with the "Officer Friendly" who Ohio University assigned to her high-school. ECF No. 6, Am. Compl. ¶¶ 27–28. Defendant counters that Plaintiff was not a student at Ohio University, was not enrolled in any Ohio University programs at her high school and, therefore, was not entitled to protection under Title IX.

The deliberate indifference standard applies when a plaintiff seeks to hold a university responsible for sexual harassment. *Mallory v. Ohio Univ.*, 76 F. App'x 634, 638–39 (6th Cir. 2003) (citing *Gebser v. Lago Vista Indep. Sch. Dist.*, 524 U.S. 274, 277 (1998)). To maintain a claim for deliberate indifference under Title IX, Plaintiff must "demonstrate that an official of the institution who had authority to institute corrective measures had actual notice of, and was deliberately indifferent to, the misconduct." *Id.* at 638. "At least one district court in the Sixth Circuit has held that [] sexual harassment is a 'critical component' of a Title IX deliberate indifference claim. *See Sahm v. Miami Univ.,* 110 F. Supp.

3d 774, 778, n. 1 (S.D. Ohio 2015) (citing *Doe v. Univ. of the South*, 687 F. Supp. 2d 744, 757–58 (E.D. Tenn. 2009)).

To be actionable, an institution's deliberate indifference must either have caused the harassment or made students vulnerable to it. *Davis,* 526 U.S. at 644–45. A plaintiff must show that the institution had "substantial control over both the harasser and the context in which the known harassment occurs." *Id.* at 645. Thus, under Title IX, a college or university can "be liable for damages only where the [College] itself intentionally acted in clear violation of Title IX by remaining deliberately indifferent to acts of harassment of which it had actual knowledge." *Id.*, 526 U.S. at 642, 643. With this standard in mind, the Court considers Ohio University's arguments in support of its motion to dismiss.

Plaintiff does not allege that she ever attended Ohio University or any of the Ohio University programs associated with her high school. However, she argues that she was a participant in an Ohio University sponsored *activity*— career day. Plaintiff asserts that "there is nothing in Title IX nor any caselaw that holds that the student must engage in the activity for a prolonged period of time in order to trigger Title IX protection." ECF No. 13 at 3–4. Additionally, Plaintiff argues that Ohio University and Federal Hocking High School are intertwined; the students at Federal Hocking High School may take credit courses at Ohio University; and the schools share facilities and programs. ECF No. 6, Am. Compl. ¶¶ 5–12. Plaintiff asserts that because this relationship between the high

school and University is long-standing and involves sharing of resources and staff, that the Court should find Title IX applies. In *Doe v. Mercy Catholic Med. Ctr.*, the Third Circuit held that the "affiliation" between a hospital and a college was sufficient to hold a school liable for the harassment of a student of an affiliated university:

> [H]ere we accept as true that Mercy's residency program is "affiliated" with Drexel Medicine, App. 104. Doe supports that contention with allegations that she took a physics class "taught on Drexel's campus," App. 106, and that Mercy provided the "clinical bases" for Drexel Medicine's emergency medicine residency, App. 104. It's thus plausible, we think, that Mercy's residency program inured "some benefit" to Drexel Medicine (and vice versa) and that these entities shared "staff, funding," and "other support." *Lam* , 122 F.3d at 656; *see Iqbal*, 556 U.S. at 679, 129 S.Ct. 1937 (Rule 8's inquiry is a "context-specific task" requiring us to draw on our "judicial experience and common sense.").

*Doe v. Mercy Catholic Med. Ctr.,* 850 F.3d 545, 558 (3rd Cir. 2017). *Doe v. Mercy Catholic*, however, is easily distinguishable from the case at bar as Plaintiff was not enrolled in any Ohio University program at her high school. Although Plaintiff alleges that career day constituted an Ohio University program, ECF No. 6, Am. Compl. ¶ 75, the Court must agree with Ohio University that "the 'program' she alludes to is a far cry from the educational opportunities Congress sought to protect through passage of Title IX." ECF No. 13, Def.'s Resp. at 7.

     Courts that have considered issues more aligned with the issue presented in this case have concluded that non-students may not bring Title IX claims. In *K.T. v. Culver-Stockton College*, the court held that a potential recruit to the

college's soccer team who was sexually assaulted while on a campus visit was not covered by the protections of Title IX. *Culver-Stockton*, No. 4:16-cv-165, 2016 U.S. Dist. LEXIS 106017 (E.D. Missouri Aug. 11, 2016). In *Arora v. Daniels*, the court held that a plaintiff claiming to be a "potential student" of a college could not state a claim under Title IX. *Arora*, No. 3:17-cv-134, 2018 U.S. Dist. LEXIS 55777 (W.D.N.C. Apr. 2, 2018) (no standing where plaintiff "did not attend, was not an applicant for, and did not receive federal educational benefits from" defendant college). In *Doe v. Brown University*, the First Circuit Court of Appeals affirmed the district court's ruling that a plaintiff, who was a student at Providence College, could not state a claim under Title IX against Brown University when she was sexually assaulted on Brown's campus. 896 F.3d 127 (1st Cir. 2018). And finally, in *Doe v. University of Kentucky*, the court held that a plaintiff who lived in a dorm on the university's campus, but was not enrolled as a student at the university, could not state a claim under Title IX when she was sexually assaulted in her dorm room. 357 F. Supp. 3d 620 (E.D. Ky. 2019). The court held that "extending Title IX protections to a student . . . who has neither attended the university nor participated in any of the university's educational programs or activities stretches the limits even further" than applying those protections to an alumnus of a university. *Id.* at 626 (discussing *Armstrong v. James Madison Univ.*, No. 5:16-cv-00053, 2017 U.S. Dist. LEXIS 25014 (W.D.

Va. Feb. 23, 2017) (court questioning standing of alumni to bring Title IX claim but dismissing on other grounds)).

Based on the aforementioned line of cases, Plaintiff has not alleged that "she was a student at an educational institution receiving federal funds" —– specifically, that she was a student at Ohio University—and thus was entitled to the protection of Title IX for the allegations she makes here. Participation in a career day, even if sexual assault by one of the presenters allegedly follows, is not the type of "systemic effect" that "denies its victims equal access to the education that Title IX is designed to protect." *Culver-Stockton*, at *15-16, citing *Davis*, 526 U.S. at 633 (the limited student-on-student private right of action applies only to conduct that "is so severe, pervasive, and objectively offensive that it effectively bars the victim's access to an educational opportunity or benefit[,]" and plaintiff, a non-student, cannot and has not pleaded that she was denied access to an educational opportunity or benefit).

Plaintiff also alleges that Parsons was an "Officer Friendly" liaison to her high school. ECF No. 6, Am. Compl. ¶ 66. However, this does not establish any type of educational opportunity related to Ohio University. Title IX does not allow for claims based on *respondeat superior*. Therefore, the fact that Parsons was an employee of Ohio University at the time of the alleged events is not sufficient to establish a Title IX claim here. *Gebser*, 524 U.S. at 285. Accordingly, although the allegations contained in Plaintiff's Amended Complaint are

horrendous, her Title IX deliberate indifference claim against Ohio University must be dismissed.

## IV. CONCLUSION

Based on the foregoing reasons, Defendant's Motion to Dismiss Plaintiff's Amended Complaint, ECF No. 7, is **GRANTED.**

The previously filed Motion to Dismiss, ECF No. 5, is **DENIED as moot**.

The Clerk shall enter final judgment in favor of Defendant and remove Documents 5 and 7 from the Court's pending motions list.

**IT IS SO ORDERED.**

*/s/ Michael H. Watson*
**MICHAEL H. WATSON, JUDGE**
**UNITED STATES DISTRICT COURT**